The Industrial Commission, by virtue of Section 35, ArticleII, of the Ohio Constitution, had made an award to one Rudd against his employer for an injury arising out of the failure to observe a specific requirement. At the time of the injury the employer was a contributor to the fund in good standing. An award for the injury under the statute was made and paid to the injured employe. The additional award, arising out of the failure to observe the specific requirement, has not been paid, because the employer has been found to be insolvent. It is not doubted that the language of the amendment to Section 35, which became effective January 1, 1924, authorizes and permits the payment out of the fund with the expectation that the same will be thereafter recouped by collections from the employer. The only question presented in this proceeding is whether or not that provision in the Ohio Constitution is valid as measured by the due process clause of the federal Constitution. *Page 77 
The same arguments which have been advanced in the dissenting opinion in State ex rel. Williams v. Industrial Commission, No. 19727, this day decided, ante, 45, are applicable and pertinent, and need not be here repeated. The judgment of the court in the instant case is, however, more dangerous and erroneous for additional reasons.
It is important in this discussion to look not only to the nature of the provision requiring the observance of specific requirements, and the penalties imposed for such failure, but also to the reasons underlying the enactment of the constitutional amendment and the statutes. The General Assembly has passed many statutes and the commission has promulgated many rules declaring specific requirements which employers must observe. The Constitution, in Section 35 of Article II, lodges in the commission the power and authority to determine whether an injury is the result of the "failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board." If the finding be against the employer, an additional award is made within the limits therein provided. It is not doubted or questioned that the purpose of this constitutional provision is to cause employers to provide all reasonable safeguards in employment and places of employment to protect employes from unnecessary accidents in industry, and to penalize them for failure so to do. When workmen's compensation was first provided it was apparent that when employers were given immunity from the ordinary negligence *Page 78 
suit it was inevitable that some employers would become careless and fail to provide and exercise those humane safeguards in employment and places of employment to which the workmen were clearly entitled, and that therefore it was necessary to provide a penalty for such disregard of the life, the limb, and the health of the operative in industry. This situation was met in the first instance by taking away immunity from litigation and exposing the employer to the risk of litigation and the necessity of paying full compensation to an injured employe in the event of failure to observe a lawful requirement. For reasons, which are not necessary to discuss within the limits of this dissenting opinion, the people amended the Constitution, effective January 1, 1924, whereby the commission should make this determination, and there should then be complete immunity from litigation. The changes, which have been made by the people, have never lost sight of the primary purpose of the additional recovery from the employer, viz. to penalize him for his neglect and to cause him to exercise a higher degree of care and caution on behalf of his employes than he would otherwise do. Manifestly the injured workman suffered no greater pecuniary loss because his injuries were due to the failure of the employer to observe a specific requirement than if the injury was purely accidental. There could therefore be no reason for the additional award other than the penalizing deterrent effect upon the employer himself. Rudd has received the compensation usually allowed for such injuries as his, and, although he is entitled to the additional award from his employer, if the employer *Page 79 
is able to pay it, he is not entitled either in law or good morals to recover the amount from other employers who have been careful and cautious in safeguarding the lives and limbs and health of their employes. The entire purpose of the provisions as to specific requirements is completely lost sight of in the injustice of visiting the penalty for the delinquencies of insolvent employers upon the honest, cautious, and careful employers. The decision in this case is therefore subject to the same legal infirmities as the decision in the Williamscase, but it is more unfortunate in its results because of the greater injustice it does, and because it in large measure completely destroys the beneficent purposes of penalizing the employer who has been guilty of the dereliction.
ROBINSON, J., concurs in this dissenting opinion.
KINKADE, J., concurs in the conclusions reached in the dissenting opinion. *Page 80